Dear Sheriff Cazes:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. You asked the following questions:
When should a missing 16 year old be reported missing to N.C.I.C.--within or after 48 hours missing?
When should a missing 17 year old be reported missing to N.C.I.C.--within or after 48 hours missing?
Under LSA-R.S. 46:1431 C.(2) a "missing child means any individual under the age of eighteen years, whose temporary or permanent residence is in Louisiana, whose location has not been determined, and who has been reported missing to a federal or state law enforcement agency."
LSA-R.S. 40:2521 states that the "law enforcement agency which receives an initial report of a missing child shallimmediately report the missing child to national law enforcement agencies and the state law enforcement agencies of neighboring states. This notification shall include entry of the child's nameinto the National Crime Information Center registry. These reportsshall be made for each reported missing child without regard towhether the child is believed to be missing due to strangerabduction, parental abduction, or any other cause."
LSA-R.S. 14:403.3 A.(1) states that "[a]ny state or local law enforcement agency receiving a report of a missing child andhaving reasonable grounds to believe such report is accurateshall within forty-eight hours after the date of receipt of the report notify each of the following of the fact and contents of such report:
(a) The Department of Health and Human Resources.
 (b) The Department of Public Safety and Corrections, if it did not originally receive the report.
 (c) The office of the sheriff for the parish in which such report was received, if it did not originally receive the report.
 (d) The office of the sheriff for all parishes adjacent to the parish in which such report was received.
(e) The National Crime Information Computer System.
 (2) The law enforcement agency may also notify any other appropriate local, state, or federal agency of the fact and contents of such report."
As noted in La. Atty. Gen. Op. No. 03-0001, the purpose of the above laws is to protect the interests of children. Locating the children as quickly as possibly is the most important issue and outweighs the importance of waiting 48 hours as noted in LSA R.S. 14:403.3 to determine whether the report is accurate before releasing the report to the National Crime Information Computer System.
Therefore, proper procedure is that when local law enforcement receive a report that a child under the age of eighteen years is believed to be missing, the local law enforcement shall report this immediately without regard to the report's accuracy to the National Crime Information Computer System. They shall not wait 48 hours after receipt of the report to determine its accuracy before reporting the information to the National Crime Information Computer System. Speed is of essence because a child's life is at hand; therefore, LSA R.S. 40:2521
should be adhered to first before LSA R.S. 14:403.3.
If the office can be of further assistance, please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI JR. ATTORNEY GENERAL
BY: ______________________________
 STEPHEN MARTIN ASSISTANT ATTORNEY GENERAL
OPINION NUMBER 03-0001 Senator Cleo Fields Attorney General of Louisiana — Opinion February 27, 2003
57-A Juveniles
LSA-R.S. 46:1844; LSA-Ch.C. Art. 811.1; LSA-R.S. 40:2511; LSA-R.S. 40:2512; LSA-R.S. 40:2513; LSA-R.S. 40:2514; LSA-R.S. 40:2515; LSA-R.S. 40:2516; LSA-R.S. 40:2517; LSA-R.S. 40:2518; LSA-R.S. 40:2519; LSA-R.S. 40:1299.54; LSA-R.S. 46:1431; LSA-R.S. 46:1432; LSA-R.S. 46:1433; LSA-R.S. 46:1434; LSA-R.S. 40:2521; LSA-R.S. 43:33; LSA-R.S. 43:34; LSA-R.S. 14:403.3
Louisiana state law does not prohibit or restrict the public release of information regarding missing children under the Louisiana Amber Alert Plan.
Senator Cleo Fields State Capitol Suite 55 P.O. Box 94183 Baton Rouge, LA 70804
RICHARD P. IEYOUB
Dear Senator Fields:
We have received your opinion request of January 3, 2003 concerning whether certain state laws restrict and/or prohibit public release of information regarding missing children under the Louisiana Amber Alert Plan. We conclude that the release of said information pursuant to the Louisiana Amber Alert Plan does not violate the state law provisions you referenced, for the reasons set forth below.
 1. LSA-R.S. 46:1844(W) and Louisiana Children's Code Article 811.1 are addressed jointly, because they each provide for the protection of the identities and addresses of juvenile crime victims in order to provide for their safety and welfare. First of all, it appears that these provisions are not yet triggered at the time an Amber Alert is put into effect, because they apply only to children who are crime victims. Louisiana Children's Code Article 811.3(3) defines "juvenile crime victim" as a person under the age of seventeen against whom an offense against the person that is a felony has been committed. At the early, exigent stage at which an Amber Alert is put into effect — i.e., as soon as possible following a child's disappearance — there has been no certain determination that the child is yet a "crime victim" as contemplated by these laws, even though there may be a strong suspicion or likelihood of such. However, even assuming for the sake of argument that they are applicable, the spirit of these provisions is entirely consistent with the stated goals of the Louisiana Amber Alert Plan, which is to protect children. The overwhelming singular purpose of the Amber Alert is to locate and protect the missing child as rapidly as possible following their disappearance. The provisions above were designed to protect the privacy of minors after a crime has been committed against them, not to thwart efforts to locate missing children who may be in grave danger. A logical reading of these provisions suggests that the information released under the Amber Alert does not violate their spirit and intent.
 2. The Missing Children Identification Act (LSA-R.S. 40:2511-2519) provides for the creation and keeping of identification records for elementary school children to assist in the recovery of missing children, with the specific legislative intent that such records be used solely to assist with the finding and identification of missing children and only with parental permission. The purpose of this statute is to expedite the recovery of missing children, which is entirely consistent with the stated purpose of the Amber Alert Plan. As to the requirement of parental consent, a review of analogous state laws suggests that consent may be implied in the exigent circumstances under which an Amber Alert is triggered. Under LSA-R.S. 40:1299.54, parental consent to medical treatment of children by a physician is considered to be implied in cases of medical emergency. The statute defines an emergency as a situation where the proposed treatment or procedures are reasonably necessary, a person authorized to consent is not readily available and any delay in treatment could jeopardize the life or health of the individual. The circumstances under which an Amber Alert is triggered are closely analogous to this. If a child is missing, it is reasonable to conclude that the child may be in grave danger. If obtaining parental consent for information to be released will delay or impede the process of locating a missing child and therefore place the child in further danger, logic dictates that consent is implied, as in the case of a medical emergency.
 3. The Missing and Exploited Children Information Clearinghouse (LSA-R.S. 46:1431-1434), a central repository of information designed to help in locating missing children, does not conflict with the Amber Alert plan. The only restrictive statement in these statutes is that fingerprints cannot be released for any purpose other than the identification of the missing child. This does not present a conflict with the Amber Alert Plan. The purpose of both is to aid in the quick and efficient recovery of missing children.
 4. LSA-R.S. 40:2521 provides that any law enforcement agency which receives an initial report of a missing child must immediately report the missing child to national law enforcement agencies and the state law enforcement agencies of neighboring states and enter the child's name into the National Crime Information Center registry. These reports are to be made without regard to why the child is believed to be missing. This statute does not present a conflict with the Amber Alert Plan, and the two should work together for their common purpose, i.e., protecting children.
 5. LSA-R.S. 43:33 authorizes each state department and agency that publishes a periodical of an informational nature that has as its intent public distribution to have published in each issue the picture and name of one of more Louisiana children believed to be missing, or children from other states believed to be missing in Louisiana. The periodical may also include the toll-free telephone number provided by the National Center for Missing and Exploited Children for the purpose of receiving information related to a missing child or children. Each state department and agency is required to identify and provide to the Division of Administration a list of its periodicals that have public distribution and such other department or agency publications that have wide enough circulations to be useful for the purpose of disseminating information about such missing children. The division and the office of state police shall develop such policies, rules, and regulations as shall be necessary to implement this section. The division may consult and coordinate with the National Center for Missing and Exploited Children, any other public, quasi-public, or private organization, or agency, the purpose of which is to provide information and assistance related to missing children and local law enforcement agencies in order to implement this section. This statute does not present a conflict with the Amber Alert Plan. Again, the underlying purpose and intent of both is to locate and protect missing children, and they may operate together for this purpose.
 6. LSA-R.S. 43:34 requires the Department of Wildlife and Fisheries, in conjunction with the Missing and Exploited Children Information Clearinghouse, publish in each issue of the Louisiana Conservationist magazine the picture, name, and description of one or more children believed to be missing in Louisiana. The department must also publish in the magazine in reasonable proximity to such names and pictures, the names of children whose pictures were published in the magazine and the dates that they were located. The toll-free telephone number provided by the National Center for Missing and Exploited Children for the purpose of receiving information related to a missing child or children shall be published with the consent of the organization. As with the provisions above, this statute does not present a conflict with the Louisiana Amber Alert Plan and can be applied to the common purpose of locating and protecting missing children.
 7. LSA-R.S. 14:403.3(A) requires any state or local law enforcement agency receiving a report of a missing child and having reasonable grounds to believe such report is accurate, within 48 hours after the date of receipt of the report, to notify the following of the fact and contents of such report: Department of Health and Hospitals; Department of Public Safety and Corrections, if it did not originally receive the report; office of the sheriff for all parishes adjacent to the parish in which such report was received; and National Crime Information Computer System. In addition, the agency may also notify any other appropriate local, state, or federal agency of the fact and contents of such report. This provision does not prohibit or restrict making public information regarding a missing child under the Amber Alert Plan. It merely provides for further measures to be taken to ensure that all possible procedures are put into action to expedite the location and recovery of a missing child.
In conclusion, the purpose and intent of the Amber Alert and all of the above referenced provisions is the same: to protect the interests of children. At the time an Amber Alert is triggered, the overwhelming public policy interest in locating the missing child as quickly as possible outweighs any privacy issue that may be at stake, and every law enacted for the purpose of locating missing children should work together to that end. Therefore, we conclude that the release of information regarding missing children pursuant to the Louisiana Amber Alert Plan does not violate the aforementioned state law provisions.
I hope this opinion has satisfactorily answered your questions. Please call us should you require any further assistance. With best regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________ Stephen B. Street, Jr. Assistant Attorney General
Date Released: February 27, 2003